**O'LEARY et al. v. SOCIAL SECURITY BOARD.**

**No. 1372.**

District Court, M. D. Pennsylvania.

March 19, 1945.

Supplemental Order April 18, 1945.

Patrick O'Leary and J. Banks Kurtz, both of Altoona, Pa., for claimants.

Frederick V. Follmer, U. S. Atty., and Alphonsus L. Casey, Asst. U. S. Atty., both of Scranton, Pa., for Social Security Board.

JOHNSON, District Judge.

This is a complaint filed for the purpose of securing a review by this court of a decision of the Appeals Council of the Social Security Board.

The facts are not disputed and are as follows:

Denis J. O'Leary and his wife Catherine C. O'Leary are residents of the City of Altoona in Blair County within the Middle District of Pennsylvania. They are claimants for primary insurance benefits under sections 202(a) and (b) of the Social Security Act, 42 U.S.C.A. § 402(a, b).

Denis J. O'Leary was employed as a superintendant by Calvary Cemetery Association of Altoona, Pennsylvania, continuous-

---

[1] No opinion for publication.

ly from 1915 until March 31, 1943. From January 1, 1937, through January 14, 1939, his employment was on a part time basis, for which he received as wages the sum of $236 per annum, or $59 per calendar quarter. From January 15, 1939, through March 31, 1943, his employment was on a full time basis, for which he received as wages the sum of $105 per month, or $315 per calendar quarter.

Calvary Cemetery Association of Altoona, Pennsylvania, was incorporated as a non-stock, non-profit cemetery organization under the provisions of the Act of Assembly of the Commonwealth of Pennsylvania of April 29, 1874, P.L. 73, Sec. 2, and the amendments thereto, by charter granted on August 8, 1893, by the Court of Common Pleas of Blair County, Pennsylvania. The purpose of the corporation is stated in its constitution to be "the forming and maintaining of a public cemetery for the burial of deceased Roman Catholics who may be entitled to burial according to the laws, rules and regulations of the Roman Catholic Church."

The activities of the corporation consist of the management and operation of Calvary Cemetery and St. John's Cemetery in Blair County, Pennsylvania. Pursuant to the constitution and by-laws the management and operation are lodged in a Board of Managers which is elected annually by the corporators.

The original incorporators were all individuals and the constitution provides that the Board of Managers shall consist of the Right Reverend Bishop of the Diocese of Altoona, the pastors of St John's, St. Mark's, Sacred Heart, Mt. Carmel, and St. Leo's parishes, and two lot holders from each parish who are to be appointed and elected at the annual meeting. The pastors of each parish appoint representatives. The remaining five are elected by the corporators. In the case of vacancies, or failure to appoint or elect representatives, the places are filled by the Bishop.

The corporation derives its income from the sale of lots, vaults, interments, grave care, interest on loans to church organizations, and from interest on bonds and stocks. No income is credited to surplus and no income may inure to the benefit of any individual or private shareholder. The corporation has no shareholders, no capital stock and pays no dividends.

The secretary of the corporation testified that the cemeteries owned by the corporation are not operated for the members of the various Catholic Parishes in Altoona, but for the burial of Catholics in general. A part of the cemetery grounds is set aside for the burial of decedents of mixed marriages so that non-catholics are buried therein.

From January 1, 1937, through March 31, 1943, the plaintiff, Denis J. O'Leary and his employer, Calvary Cemetery Association, made regular returns and payments of taxes for old age benefits on wages paid and received.

The plaintiff, Denis J. O'Leary, having attained the age of 65 years, filed with the Bureau of Old Age and Survivors Insurance of the Social Security Board, on April 1, 1943, his application for primary insurance benefits. On the same date the plaintiff, Catherine C. O'Leary, also filed her application for a wife's insurance benefits. The plaintiffs' claims were disallowed by the Bureau whereupon the plaintiffs pursued their remedy of appeal, resulting in a final decision by the Appeals Council of the Social Security Board disallowing the plaintiffs' claims. In disallowing the plaintiffs' claims the Appeals Council held "that the Calvary Cemetery Association is a corporation organized and operated exclusively for religious purposes within the meaning of Sections 210(b) (7) and 209(b) (8) of the Social Security Act and the amendments thereto, 42 U.S.C.A. § 409(b) (7, 8), and that as a result the services performed by the claimant on behalf "of the association are not 'in employment' and the remuneration he received in payment for such services is not 'wages' under the provisions of the Social Security Act". The Appeals Council further found that the claimant, Catherine C. O'Leary, is not entitled to the wife's insurance benefits for which she applied.

The claimants thereupon filed their complaint in this court for a review of the decision of the Appeals Council and now request a judgment reversing the decision of the Appeals Council and directing the Social Security Board to allow plaintiffs' claims.

The important part of the Social Security Act to be considered here is subsection (8) of Section 209(b) which excepts from the definition of employment under the provisions of the Act one who has furnished:

"(8) Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclu-

55555

sively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual * * *."

The question involved is whether the employer of the claimant, the Calvary Cemetery Association, is a corporation "organized and operated exclusively for religious * * * purposes."

It is the contention of counsel for the Social Security Board that the services performed by Denis J. O'Leary for the Association were not "employment" and the remunerations received were not "wages" within the meaning of the act and the claimants are not entitled to insurance benefits.

Counsel for the claimants contend that the Appeals Council of the Social Security Board erred in its conclusions of law as applied to the facts of the case and that the claimants are entitled to insurance benefits under the act.

Counsel for both sides have presented in this court separate motions for summary judgment, under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that there is no genuine issue as to any material fact.

Upon the facts as presented above, this court has arrived at the conclusion that Calvary Cemetery Association is not a corporation organized and operated exclusively for religious purposes.

Under the facts as presented it is to be noted that the incorporators were all individuals. Although those incorporators were members of a church, no church or religious institution constitutes one of the incorporators. The same thing is true of the present corporation in its membership and management. It is a fact that the association was not created by a charter given to a church or religious denomination.

Calvary Cemetery Association was organized for the purpose of "the forming and maintaining of a public cemetery for the burial of deceased Roman Catholics who may be entitled to burial according to the laws, rules and regulations of the Roman Catholic Church. * * *."

Although the purpose for which the association was formed was as stated above, it is to be noted that others than Roman Catholics are permitted to be buried in the cemeteries owned by the association and that burial therein is not confined to deceased members of the five parishes represented on the Board of Managers.

The fact that this association is operated under the laws, rules and regulations of the Roman Catholic Church does not make it a corporation organized and operated exclusively for religious purposes.

It is not a religious function to operate a cemetery, care for the grounds, sell concrete slabs for vaults, inter bodies or exhume bodies, any more than it is a religious function to clean, repair, or maintain the property of a church.

When Congress appropriated funds to erect hospital buildings for Providence Hospital to be managed and directed by an order of sister-hood of the Roman Catholic Church with title in the Sisters of Charity, Emmitsburg, Maryland, it was contended that the appropriation violated the clause of the Constitution of the United States which declares "Congress shall make no law respecting the establishment of religion." The Supreme Court of the United States ruled that whether individuals in a corporation are all of the same creed is not of the slightest consequence with reference to the auspices and influence of a particular church which may control its management, it must be managed pursuant to the law of its being. Bradfield v. Roberts, 175 U.S. 291, 298, 20 S.Ct. 121, 44 L.Ed. 168. A public charity managed by a board of trustees composed of members of a single church does not affect its status as a purely public charity. White v. Smith, 189 Pa. 222, 42 A. 125, 43 L.R.A. 498.

A cemetery corporation organized and operated for the dominant purpose and function of furnishing a burial place for the dead is not a religious society even though religious rites may accompany the interment. Proprietors of Cemetery of Mt. Auburn v. Fuchs, 305 Mass. 288, 25 N.E.2d 759.

In the case above cited the court passed upon provisions of a social security enactment similar to the one to be considered here.

In passing upon the question of deductibility from income tax of a gift to a charitable agency, the Federal courts have held that the gift did not lose its deductibility merely because the agency was established or controlled by a non-exempt organization. Faulkner v. Commissioner of Internal Revenue, 1 Cir., 112 F.2d 987.

The Act of 1874, supra, under which this cemetery association was formed, recognized a difference between corporations formed for the purpose of maintaining and operating a cemetery and corporations formed for religious purposes. Each of these purposes was authorized in a separation section and, moreover, these purposes could not be combined. The Act of Assembly of the Commonwealth of Pennsylvania of 1933, 15 P.S. § 2851—214, known as the Pennsylvania Corporation Act of 1933, now permits a religious denomination to be chartered for the purpose of maintaining a cemetery. In other words, the distinction still exists but the two purposes may now be combined.

The Act of Assembly of the Commonwealth of Pennsylvania of May 5, 1921, P.L. 395, supplementing the Act of 1874, supra, provided whenever "Any church which now has, or hereafter shall acquire, any burial ground or cemetery, shall make an application to the court of common pleas for a charter * * * it shall be lawful * * * to grant a charter to such church for the purpose of the support of public worship and for the further collateral purpose of conducting a public burial ground or cemetery not for profit, other than is necessary for the proper maintenance of said burial ground or cemetery."

There can be no doubt that the chief purpose and function of the Calvary Cemetery Association is to furnish a burial place for the dead.

■ It is the opinion of this court that the Calvary Cemetery Association is not a corporation organized and operated exclusively for religious purposes; that Denis J. O'Leary, claimant, rendered services in employment covered by the Social Security Act; received wages therefor, and was insured under the Act; that Denis J. O'Leary is entitled to primary insurance benefits under the Social Security Act, and that Catherine C. O'Leary is entitled to wife's insurance benefits under the Social Security Act.

And now March 19, 1945, it is ordered and decreed that defendant's motion for summary judgment be, and it hereby is, denied; the plaintiffs' motion for summary judgment is granted; the decision of the Social Security Board is reversed, and the Social Security Board is hereby directed to allow and to pay to the claimants, Denis J. O'Leary and Catherine C. O'Leary, the insurance benefits provided by the terms of the Social Security Act.

Supplemental Order of March 19, 1945

It is ordered and decreed that defendant's motion for summary judgment be, and it hereby is, denied; the plaintiff's motion for summary judgment is granted; the decision of the Social Security Board is reversed; the Social Security Board is directed to certify to the Managing Trustee that the plaintiffs are entitled to payments under the Social Security Act; the names and addresses of the plaintiffs; the amount of the payments the plaintiffs are entitled to receive and the time at which such payments should be made.